IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marshall Dewitt McGaha, # 155836, a/k/a Marshall D. McGaha, Jr., f/k/a Marshall Dewitt McGaha, # 928,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Mr. Tillford, et. al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 6:2011-377-RMG<br><br>**ORDER** |

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis* as provided by 28 U.S.C. § 1915. As a result, this matter was referred to a Magistrate Judge for pre-trial proceedings. The Magistrate Judge has made a report and recommendation that this matter be dismissed without prejudice and without issuance of process. The Plaintiff has objected. After a *de novo* review, this Court adopts the recommendation of the Magistrate Judge.

## Analysis

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with

1

instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Here, there is no basis for a finding of diversity jurisdiction over this complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). This court has no diversity jurisdiction because all parties in the above-captioned case are residents of the State of South Carolina. Hence, complete diversity of parties is absent in the above-captioned case, and diversity jurisdiction is, therefore, lacking.

Moreover, it is clear that the essential allegations of the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. It is well settled that "the use of vile and abusive language is never a basis for a civil rights action." *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985) (there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims). While the alleged statements, if made, might be construed as inappropriate, mere threats or verbal abuse, without more, does not state a cognizable claim under § 1983. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *see also Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999) (racial epithets, while deplorable and unprofessional, do not rise to the level of a Constitutional violation).

The plaintiff also cannot recover damages for "punitive, emotional, mental" distress. *See Grandstaff*, 767 F.2d 161 (there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims).

Plaintiff's allegations relating to his being placed in a 5x5 cell also must fail as a matter of law. Federal Courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control. *Wolff v. McDonell*, 418 U.S. 539, 558-562 (1974). There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983), and *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975), Thus, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-1017 & n.1 (4th Cir. 1984).

## Conclusion

Based on the above, this Court dismisses the above-captioned action without prejudice and without issuance of process.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 23, 2011
Charleston, South Carolina